■ STEPHEN METZ, an Infant, by His Parent and Natural Guardian, CHARLES METZ, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 58938.)—Appeal from a judgment, entered August 12, 1976, upon a decision of the Court of Claims. At approximately 1:00 P.M. on September 28, 1973, claimant was injured in a fall when his bicycle struck an object while he was riding in a southerly direction on the west sidewalk beside New York State Route 111 in the Town of Smithtown, Suffolk County. Upon regaining his senses after the mishap, he observed a fallen metal signpost for a "No

Standing or Parking" sign lying across the walk, and, based on the assumption that this was the object which had precipitated his fall, he subsequently commenced the present action against the State. Following a trial, the court concluded that claimant was free from contributory negligence and that the State was liable to him in negligence because of the dangerous condition which resulted from the signpost lying across the walk. Accordingly, claimant was awarded a judgment in the amount of $2,500, and this appeal ensued. We hold that the judgment appealed from must be reversed. There was absolutely no evidence produced at the trial that the State in any way created the dangerous condition complained of and, even assuming, *arguendo,* that the State had an inadequate inspection system for its road signs in Suffolk County as found by the court, there was likewise no proof that a proper inspection system would have discovered the fallen sign prior to the accident. Indeed, on the instant record, the sign in question could well have been knocked down only moments before claimant's mishap or even as a consequence thereof, and such being the case, there was simply no adequate basis upon which it could be found that the State had either actual or constructive notice of the condition. Under these circumstances, the imposition of liability on the State was clearly erroneous (cf. *Beutenmiller v West End Tavern,* 1 NY2d 652, mot for rearg den 1 NY2d 859; *Pascual v State of New York,* 23 AD2d 518). We reach no other issue. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Kane, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.